FRANK ILL

v.

WILLIAM PETERSON.

*Contracts—Question of Fact—Verdict Sustained.*

In an action brought to recover for the baling and shipping of hay, the whole question being as to whether plaintiff used due care in the performance of the work, it is *held:* That the evidence being conflicting, the verdict for the plaintiff must be sustained, no errors of law having been committed by the trial court.

[Opinion filed December 8, 1890.]

APPEAL from the Circuit Court of Mercer County; the Hon. JOHN J. GLENN, Judge, presiding.

Messrs. WILSON & HAYS, for appellant.

Messrs. G. B. MORGAN and J. H. CONNELL, for appellee.

UPTON, J.   This was a suit in assumpsit brought by appellee against appellant to recover for baling four car-loads of hay belonging to appellant, at $2.75 per ton.   The hay was baled at Viola Station on the C. B. & Q. Railway, and shipped to Rock Island to appellant.   When it arrived at Rock Island, the hay in the bales was damp, hot and musty, to such a degree as to be nearly worthless.   The suit was originally commenced before a justice of the peace and taken by appeal to the Circuit Court of Mercer County, tried before a jury, who found a verdict for the appellee in the sum of $100.75, upon which verdict, after overruling a motion for a new trial, the Circuit Court gave judgment, and to reverse that judgment a further appeal was prosecuted to this court.   The facts appearing to us from a careful inspection of the record are these :   The appellant being the owner of a farm near Viola Station as before stated, had a quantity of hay thereon in stacks.   In the spring of 1889 he contracted with appellee

to bale the same (for shipment and sale to Rock Island), for the price of $2.75 per ton. The hay was baled and shipped by appellee with results before stated, and it was insisted strenuously in the court below to the jury that appellee failed and neglected to use proper skill and care to keep the hay dry in baling the same and protecting the same after baling, and that its worthless condition upon arrival in Rock Island was wholly or in great part attributable to such want of skill and care of appellee in baling the hay and caring for it, etc.

No question of law is presented for determination. The entire controversy is one of fact and was one peculiarly within the province of the jury to determine.

The evidence was conflicting, and certainly does not preponderate on appellant's side so decidedly or clearly as to warrant us in reversing the judgment of the Circuit Court upon the finding of the jury, under the well-known rules of law settled in this class of cases.

The refusal of the trial court to allow certain questions in regard to the condition of the hay in Rock Island, to be put and answered by the witness named in appellant's brief, was not error.

It is quite apparent that appellant on the trial below had the full benefit of the proof upon that point, and could not have been prejudiced in the refusal to allow the particular question complained of, to be put and answered. We think the jury was justified by the evidence in the verdict rendered, and finding no error in the record sufficient to justify any interference therewith, the judgment of the Circuit Court is affirmed.                    *Judgment affirmed.*